**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

OSWALD COOPER                          *          CIVIL ACTION
                                       *
VERSUS                                 *          NO. 11-152
                                       *
ICON HEALTH AND FITNESS, ET. AL.       *          SECTION "B"(5)

## ORDER AND REASONS

   Plaintiff's Motion to Remand (Rec. Doc. No. 12), opposed at
Rec. Doc. No. 14, is hereby **DENIED.**

   On December 6, 2010, Oswald Cooper ("Plaintiff") filed suit
in the 41st Judicial District Court for the Parish of Orleans
against ICON Health and Fitness, Inc. ("ICON") and Wal-Mart
Stores, Inc. ("Wal-Mart")(collectively "Defendants").[1] (Rec. Doc.
No. 1). Plaintiff seeks damages for injuries allegedly sustained
while using the Gold's Gym Inversion Table he purchased from Wal-
Mart. (Rec. Doc. No. 1-1 at 2). Plaintiff alleges that on
December 22, 2009 he was using his Gold's Gym Inversion Table when
suddenly and without warning the equipment collapsed, causing
injuries. (Rec. Doc. No. 1-1 at 2). Specifically, Plaintiff seeks
to recover: "past, present, and future medical expenses; past,
present, and future mental and physical pain and suffering; past,
present, and future loss of enjoyment of life; lost wages; and

---

[1]In the original petition, Wal-Mart Louisiana, LLC was incorrectly
referred to as Wal-Mart Stores, Inc. (Rec. Doc. No. 7). On February 7, 2011
party Wal-Mart Louisiana, LLC was added and Wal-Mart Stores, Inc. was terminated.
(Rec. Doc. No. 7).

residual disability." (Rec. Doc. No. 1-1 at 4).

On December 14, 2010 the Clerk of Court in the state court action issued a Long-Arm Summons directed to ICON. (Rec. Doc. No. 1 at 2). Defendants allege that ICON received and was thus served with the petition and Long-Arm Summons via certified mail on December 27, 2010, however; the green certified mail receipt card was not dated. (Rec. Doc. Nos. 1 at 2;12-1 at 2). On January 24, 2011, Defendants filed their Notice of Removal, alleging that diversity jurisdiction exists in accordance with 28 U.S.C. §1332. (Rec. Doc. No. 1 at 2). Plaintiff does not dispute that complete diversity exists under 28 U.S.C. §1332, as the litigants are citizens of different states. (Rec. Doc. No. 1 at 2).

*Law and Analysis*

I.   Standard of Review

Motions to remand to state court are governed by 28 U.S.C. §1447(c), which provides that "[i]f at any time before the final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." *Cohen v. Safeco Ins. Co.,* No. 08-707, 2008 WL 1730537, at *1 (E.D. La. Apr. 9, 2008). The removing party bears the burden of showing that federal jurisdiction exists and therefore that removal was proper. *Allen v. R & H Oil & Gas Co.,* 63 F.3d 1326, 1335 (5th Cir. 1995). In assessing whether removal is appropriate, the Court is guided by the principle, grounded in notions of comity and the recognition

2

that federal courts are courts of limited jurisdiction, that removal statutes should be strictly construed. *See, e.g., Manguno v. Prudential Pro. & Cas. Ins. Co.*, 276 F. 3d 720, 723 (5th Cir. 2002). A case with diverse parties may be removed "unless it 'appear[s] to a legal certainty that the claim is really for less than the jurisdictional amount.'" *Asociacion Nacional de Pescadores a Pequena Escala o Artesnales de Colombia v. Dow Quimica de Colombia S.A. ("ANPAC")*, 988 F.2d 559, 564 (5th Cir. 1993) (*quoting St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938); *see also Marcel v. Pool Co.*, 5 F.3d 81, 84 (5th Cir. 1993).

II. <u>Timeliness of Removal</u>

Plaintiff alleges that defendants failed to establish that removal was timely as required under 28 U.S.C. §1446(b).[2] Defendants allege that ICON received and thus was served with the petition and Long-Arm Summons via certified mail on December 27, 2010. (Rec. Doc. No. 1 at 2). Defendants contend that the state court record contained no service returns because Plaintiff failed to file affidavits of service as required under the Louisiana Long-Arm Statute. (Rec. Doc. No. 14 at 2).

---

[2] Title 28 U.S.C. § 1446(b) states: "The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

Under 28 U.S.C. § 1446(b), a notice of removal must be filed within 30 days of the defendant being served or otherwise receiving the copy of the first pleading which is removable. When a plaintiff's initial complaint is removable, the time for removal begins to run when the first defendant has been served. *Washington v. Jefferson Twp. Local Sch. Dist. Sch. Bd.*, 3:04CV336, 2005 WL 2277419 (S.D. Ohio 2005) (citing *Murphy Bros., Inc. v. Mitchell Pipe Stringing, Inc.,* 526 U.S. 344, 353-54, 119 S.Ct. 1322, 143 L.Ed.2d 448 (1999)). The Fifth Circuit has held that any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand. *Maguno,* 276 F.3d at 723, (citing *Acuna v. Brown & Root, Inc.,* 200 F.3d 225, 229 (5th Cir. 2000)).

Since the Notice of Removal was filed January 24, 2011, the question becomes whether Defendants have met their burden of showing that the first defendant was served no more than 30 days earlier, i.e., on December 25, 2010 or later. In *Washington v. Jefferson Tp. Local School Dist. School Bd.*, a similar case in which the green certified mail receipt cards were undated, the court held that the burden was on the defendants to prove they filed a timely Notice of Removal. *Washington,* 2005 WL 2277419. The court also noted that if the defendants wanted to avoid an extensive investigation, they could have ensured the green cards were dated or even recorded the date upon which it was served.

4

*Id.*

Here, Defendants certified the pertinent date of receipt and there is nothing shown to effectively rebut that certification. Removal was timely.

III.   Amount in Controversy

Louisiana law ordinarily does not permit plaintiffs to plead a specific amount of monetary damages. *See* La. C.C.P. Art. 893 (A)(1).[3] A party will receive any relief to which he is entitled, even if the party has not demanded it in his pleadings.   La. C.C.P. art. 862.[4] Because there is a concern that a litigant could plead less than the jurisdictional amount required for federal jurisdiction in order to avoid removal but then subsequently prove and be awarded damages greater than the jurisdictional amount in state court, this Court must look to the "jurisdictional facts

---

[3]Louisiana Code of Civil Procedure Article 893 (A)(1) provides:
   *No specific monetary amount of damages shall be included in the allegations or prayer for relief of any original, amended, or incidental demand.* The prayer for relief shall be for such damages as are reasonable in the premises except that if a specific amount of damages is necessary to establish the jurisdiction in the court, the right to a jury trial, the lack of jurisdiction of federal courts due to insufficiency of damages, or for other purposes, a general allegation that the claim exceeds or is less than the requisite amount is required. By interrogatory, an opposing party may seek specification of the amount sought as damages, and the response may thereafter be supplemented as appropriate.
   (emphasis added.)

[4]Louisiana Code of Civil Procedure Article 862 provides in part that "...a final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings and the latter contain no prayer for general and equitable relief."

that support removal . . . at the time of removal." *See Gebbia v. Wal-Mart Stores, Inc.,* 233 F.3d 880, 883 (5th Cir. 2000).

Because Louisiana law prohibits plaintiffs from specifying numerical value of claimed damages in a civil suit, defendants removing on diversity grounds must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. *Id.;* 28 U.S.C. §1332, 1441; La. C.C.P. Art. 893. A defendant may satisfy this burden in one of two ways: (1) by demonstrating that it is "facially apparent" from the petition that the claim likely exceeds $75,000, or (2) by setting forth the facts in the controversy preferably in the removal petition, sometimes by affidavit, that support a finding of the requisite amount. *Allen,* 63 F.3d at 1335. The defendant must do more than point to a state law that might allow plaintiff to recover more than the jurisdictional minimum; the defendant must submit evidence that establishes that the actual amount in controversy exceeds $75,000. *See De Aguilar v. Boeing Co.,* 47 F.3d 1404, 1412 (5th Cir. 1995).

If it is not "facially apparent" from the complaint that the claim(s) exceed $75,000, the Court "may rely on 'summary-judgment-type' evidence to ascertain the amount in controversy at the time of removal. *Allen*, 63 F.3d at 1336. Importantly, the jurisdictional facts must be judged as of the time the complaint is filed; subsequent events cannot serve to deprive the court of jurisdiction once it has attached." *St. Paul Reinsurance Co.,*

*Ltd. v. Greenberg,* 134 F.3d 1250, 1253-54 (5th Cir. 1998) (footnotes omitted).  If the amount in controversy is ambiguous at the time of removal, the Court may consider a post-removal stipulation or affidavit to determine the amount in controversy at the date of removal.  *See Gebbia,* 233 F.3d at 883; *Asociacion Nacional de Pescadores a Pequena Escala o Artesanales de Colombia ("ANPAC") v. Dow Quimica de Colombia S.A.,* 988 F.2d 559 (5th Cir. 1993), (holding that when affidavit "clarif[ies] a petition that previously left the jurisdictional question ambiguous," the court may consider the affidavit in determining whether remand is proper).  However, when the amount in controversy is clear from the face of the petition, post-removal stipulations and affidavits purporting to reduce the amount of damages a plaintiff seeks cannot deprive a court of diversity jurisdiction.  *Id.*

In *ANPAC*, the Fifth Circuit identified circumstances in which the removing party fails to satisfy its burden of showing that removal is appropriate:

> (1) the complaint did not specify an amount of damages, and it was not otherwise facially apparent that the damages sought or incurred were likely above [the jurisdictional amount]; (2) the defendants offered only a conclusory statement in their notice of removal that was not based on direct knowledge about the plaintiffs' claims; and (3) the plaintiffs timely contested removal with a sworn, unrebutted affidavit indicating that the requisite amount in controversy was not present.

*ANPAC,* 988 F.2d at 566; *See also Marcel,* 5 F.3d at 84.

In the instant case, it is facially apparent from examination

of Plaintiff's petition the claims exceed $75,000; moreover, summary judgment evidence, the medical records support that finding.

Courts have held that allegations which include a prayer for past and future medical expenses, past and future lost wages, past and future pain and suffering, and past and future disability are sufficient to infer that the jurisdictional amount is present. *Tauzier v. Dodge*, 1998 WESTLAW 227170, *2; 1998 U.S. Dist LEXIS 12902 (E.D. La. May 5, 1998). Plaintiff files claims for "past, present, and future medical expenses; past, present, and future mental and physical pain and suffering; past, present, and future loss of enjoyment of life; lost wages; and residual disability." (Rec. Doc. No. 1-1 at 3).

Additionally, the Court may rely on summary judgment-type evidence to ascertain whether the amount in controversy exceeded $75,000 on the date that Plaintiff filed his complaint in state court. Unlike the removing party in *ANPAC*, Defendants here have produced convincing evidence that Plaintiff's claim at the time the petition was filed exceeded $75,000, including, citing precedent in which damages were awarded in excess of the jurisdictional amount for similar alleged injuries. (Rec. Doc. No. 14 at 9) (citing *ANPAC,* 988 F.2d 559).

The fact that Plaintiff has offered to stipulate that damages will not exceed $75,000 does not bar removal. Article 893 is

consistent with established Fifth Circuit jurisprudence requiring plaintiffs who want to prevent removal to file a binding stipulation or affidavit with their complaints. Later filings have no such effect and are irrelevant. *DeAguilar,* 47 F.3d at 1412, (quoting *In Re Shell Oil Co.,* 970 F.2d 355, 356) (7th Cir. 1992) (per curiam.) The policy behind these requirements is the notion that plaintiffs must show that they are irrevocably bound by their state court pleadings. *Id.* n.10. Thus, in a case for unliquidated damages, Plaintiff cannot avoid removal on grounds that the amount in controversy is not met since his petition is silent as to the amount in controversy and defendants can show that the allegations are sufficient to establish federal court jurisdiction.

In moving for remand, Plaintiff makes no effort to show that he is entitled to less $75,000 in damages, and instead asserts that removal is improper because defendants have failed to establish that the jurisdictional amount is present, and Plaintiff has offered to stipulate that damages will not exceed $75,000. (Rec. Doc. No. 12-1 at 2). In opposing remand, Defendants have provided the missing support and show by a preponderance of evidence that the amount in controversy could exceed $75,000. (Rec. Doc. No. 14 at 9). The Court concludes that the $75,000 amount in controversy is likely to have been exceeded at the time Plaintiff filed his complaint in state court, as Defendants have established through their affidavit that jurisdiction is proper in

9

this Court by a preponderance of evidence. (Rec. Doc. No. 14-4).

Therefore, the Motion to Remand is **DENIED**.

New Orleans, Louisiana, this 7TH day of July, 2011.

UNITED STATES DISTRICT JUDGE